# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANIELLE A. GRAVES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-11-111-RAW-SPS ) |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Danielle A. Graves requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). The claimant appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations

implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). *See also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity (RFC) to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 4, 1975, and was thirty-four years old at the time of the administrative hearing. She graduated from high school, completed a secretarial program at a vocational school, and attended one year of college at Connors State College (Tr. 23-24). She has past relevant work as a bus attendant, cashier, sales clerk, counter helper (attendant), customer service clerk, factory worker, motel clerk, and photographer (Tr. 54-55). The claimant alleges that she has been unable to work since March 1, 2007 because of heart problems, high blood pressure, and diabetes (Tr. 190).

## Procedural History

The claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and supplemental security insurance payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85, on April 18, 2007. The Commissioner denied her applications. ALJ John W. Belcher held an administrative hearing and determined that the claimant was not disabled in a written opinion dated August 19, 2009. The Appeals Council denied review, so this opinion is the Commissioner's final decision for purposes of appeal. 20 C.F.R. §§ 404.981; 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant had the residual functional capacity ("RFC") to perform sedentary work as

defined in 20 C.F.R. §§ 404.1567(a); 416.967(a) except that claimant had the following additional limitations: i) must be able to change positions at will; ii) must avoid hazardous or fast machinery; iii) may only maintain superficial relationships with coworkers; iv) may only occasionally climb stairs, balance, bend, stoop, kneel, crouch, or crawl; and v) may never climb ropes, ladders, or scaffolds (Tr. 12). While the ALJ concluded that the claimant was unable to return to her past relevant work, he nonetheless found that claimant was capable of performing other work in the national economy, *i. e.*, clerical mailer, trimmer, and assembler (Tr. 15). Thus, the ALJ concluded that the claimant was not disabled at step five (Tr. 15).

## Review

The claimant contends that the ALJ erred: (i) by failing to properly analyze the opinions of treating physicians Dr. Satish Kohli, M.D. and Dr. Charles Lester, M.D. and the other source opinion of nurse practitioner Mike Smith, A.R.N.P. and ii) by failing to consider all of claimant's impairments at step four. The undersigned Magistrate Judge agrees with the claimant's first contention.

The claimant began receiving treatment from Dr. Satish Kohli for pain in the center of her chest in September 2006 (Tr. 262). When she was ten years old, the claimant was "cathed" and had a "completely occluded left main [coronary artery]" which had been ligated at five months of age (Tr. 262). On October 2, 2006, the claimant underwent a catheterization to investigate the source of her chest discomfort and palpitations, and the results revealed that the claimant's global left ventricular function

was normal but there was severe left main disease, evidenced by 100% stenosis (Tr. 270). The claimant was catheterized again on August 22, 2007 and the conclusion was that the right internal mammary artery was "suitable for use in bypass surgery" (Tr. 334). The claimant then underwent coronary artery bypass grafting in October 2007 (Tr. 368).

Dr. Kohli submitted an undated Physical Capacities Evaluation on claimant's behalf in which she opined that claimant was capable of sitting for four hours in an eight-hour workday, standing for two hours in an eight-hour workday, and walking for one hour in an eight-hour workday (Tr. 380). In addition, Dr. Kohli wrote that claimant should only occasionally lift and carry up to ten pounds (and never anything heavier), could not use her hands for pushing and pulling or fine manipulation, and had mild restrictions related to driving automotive equipment (Tr. 380-81). Finally, Dr. Kohli thought that claimant was capable of occasionally bending, squatting, and crawling, never climbing or reaching above shoulder level, but that claimant's functional ability would improve with treatment (Tr. 380-81).

The claimant's nurse practitioner Mike Smith also submitted a Physical Capacities Evaluation on October 22, 2008 (Tr. 465). Mr. Smith opined that claimant was capable of sitting for two hours in an eight-hour workday, standing for one hour in an eight-hour workday, and walking for one hour in an eight-hour workday (Tr. 465). Mr. Smith also wrote that claimant should only occasionally lift and carry up to ten pounds (and never anything heavier), could never use her hands for pushing and pulling, and that claimant was restricted in the following ways: i) totally restricted from unprotected heights and

moving machinery; ii) moderately restricted from exposure to marked changes in humidity and temperature; and iii) mildly restricted in her ability to drive automotive equipment and be exposed to dust, fumes, or gases (Tr. 465-66). Finally, Mr. Smith thought that claimant could only occasionally bend, squat, crawl, and reach above shoulder level and that it was "unknown" whether claimant's condition would improve with treatment (Tr. 465-66).

Finally, the claimant's treating physician Dr. Charles Lester, M.D. completed a Mental Medical Source Statement dated July 20, 2009 in which he opined that claimant had moderate limitations in the following functional categories: i) ability to remember locations and work-like procedures; ii) ability to understand and remember detailed instruction; iii) ability to carry out detailed instructions; iv) ability to maintain attention and concentration for extended periods; v) ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; vi) ability to work in coordination with or proximity to others without being distracted by them; and vii) ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (Tr. 558-59). In his written comments, Dr. Lester stated that the claimant's depression had improved with treatment, but that she "has residual deficits with her focus, concentration and short term memory that affect new learning and her persistence and pace" (Tr. 561).

The claimant first contends that the ALJ erred by failing to properly consider the opinions of the her treating physicians, Dr. Satish Kohli and Dr. Charles Lester. Medical opinions from the claimant's treating physician are entitled to controlling weight if they are "'well-supported by medically acceptable clinical and laboratory diagnostic techniques . . . [and] consistent with other substantial evidence in the record.'" *See Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Even if a treating physician's opinions are not entitled to controlling weight, the ALJ must nevertheless determine the proper weight to give them by analyzing the factors set forth in 20 C.F.R. § 404.1527. *Id.* at 1119 ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§] 404.1527.'"), *quoting Watkins*, 350 F.3d at 1300. The pertinent factors are: (i) the length of the treatment relationship and the frequency of examination; (ii) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (iii) the degree to which the physician's opinion is supported by relevant evidence; (iv) consistency between the opinion and the record as a whole; (v) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (vi) other factors brought to the ALJ's attention which tend to support or contradict the opinion. *Watkins,* 350 F.3d at 1300-01 [quotation marks omitted], *citing Drapeau v. Massanari,* 255 F.3d 1211, 1213 (10th Cir. 2001). Finally, if the ALJ decides to reject a treating physician's opinion entirely, "he

must . . . give specific, legitimate reasons for doing so[,]" *id*. at 1301 [quotation marks omitted; citation omitted], so it is "clear to any subsequent reviewers the weight [he] gave to the treating source's medical opinion and the reasons for that weight." *Id*. at 1300 [quotation omitted].

In this case, the ALJ did summarize Dr. Kohli's Physical Capacities Evaluation in his decision but failed to make any attempt to analyze the opinion under the *Watkins* factors as outlined above. Even though the ALJ clearly did not assign controlling weight to Dr. Kohli's opinion, he was still obligated to discuss what weight he *was* assigning to her opinion. *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004) ("Even if a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§] 404.1527.'"), *quoting Watkins*, 350 F.3d at 1300, *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5. The Commissioner argues that the ALJ "obviously accepted Dr. Kohli's opinion concerning the temporary nature of Plaintiff's limitations" as a basis for the ALJ's apparent rejection of the opinion. But the ALJ failed to even *mention* Dr. Kohli's opinion that the claimant's limitations would improve within six months of treatment in his summary of the opinion. It is worth noting that neither party seems to understand what Dr. Kohli *actually* meant by her opinion that claimant's limitations would improve with treatment, *i. e.*, what Dr. Kohli meant by "treatment" and the extent of the improvements. With this lack of clarity in mind, it should be noted that the Court is not in a position to fill in evidentiary gaps for the ALJ. *Robinson v.*

*Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("[T]he magistrate judge erred in upholding the Commissioner's decisions by supplying possible reasons for giving less weight to or rejecting the treating physician's opinion. The ALJ's decision should have been evaluated based solely on the reasons stated in the decision."), *citing Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-169 (1962). In any event, the fact remains that the ALJ failed to analyze the opinion in accordance with any of the factors specified in 20 C.F.R. §§ 404.1527; 416.927, and that alone constitutes reversible legal error.

With respect to Dr. Lester's opinion, the ALJ mentioned it at step three but stated only that he had "considered the checklist statement by Charles Lester, M.D." (Tr. 12). As with Dr. Kohli's opinion, the ALJ gives no indication that he was accepting or rejecting any portion of Dr. Lester's opinion, and failed to discuss any of the relevant factors applicable to the evaluation of treating physician opinions set out in 20 C.F.R. §§ 404.1527; 416.927. The Commissioner argues that the ALJ *did* include Dr. Lester's opinions by accounting for the claimant's deficits in concentration, persistence and pace, because the ALJ limited the claimant to simple tasks according to his questioning of the vocational expert. Even if this argument was acceptable to the Court, the ALJ still erroneously failed to discuss other functional areas in which Dr. Lester opined claimant had moderate limitations, *i. e.*, her ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances and her ability to complete a normal workday and workweek without interruptions from psychologically

based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (Tr. 558-59). *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v. Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

Finally, the claimant also argues that the ALJ failed to properly analyze the opinions of nurse practitioner Mike Smith. In fact, the ALJ wholly ignored the Physical Capacities Evaluation submitted by Mr. Smith and focused solely on the opinion letter dated July 24, 2008 which contained his opinion that claimant was "not employable in any capacity, not only at the present time, but for the foreseeable future" (Tr. 461). That the ALJ wholly ignored Mr. Smith's medical source statement regarding the severity of claimant's impairments constitutes legal error, as he failed to evaluate it in accordance with 20 C.F.R. §§ 404.1527, 416.927. *See Frantz Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (noting that SSR 06-03p "specifies that the factors for weighing the opinions of acceptable medical sources set out in 20 C.F.R. § 404.1527(d) and § 416.927(d) apply equally to all opinions from medical sources who are not 'acceptable medical sources' as well as from 'other sources' [and] instructs the adjudicator to explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion . . . allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such

opinions may have an effect on the outcome of the case.") [internal quotations omitted]. Further, the ALJ is not entitled to pick and choose among portions of an opinion, discussing only the part of Mr. Smith's opinion that is easily rejected as an intrusion upon the ALJ's authority. *Taylor v. Schweiker*, 739 F.2d 1240, 1243 (7th Cir. 1984) ("'[A]n ALJ must weigh all the evidence and may not ignore evidence that suggests an opposite conclusion.'"), *quoting Whitney v. Schweiker*, 695 F.2d 784, 788 (7th Cir. 1982).

Because the ALJ failed to properly analyze the medical evidence of record as outlined above, the undersigned Magistrate Judge concludes that the decision of the Commissioner should be reversed and the case remanded to the ALJ for a proper analysis of the medical evidence or record. If the ALJ's subsequent analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

**Conclusion**

In summary, the undersigned Magistrate Judge PROPOSES a finding that correct legal standards were not applied and the decision of the Commissioner is therefore not supported by substantial evidence, and accordingly RECOMMENDS that the decision of the Commissioner be REVERSED and the case REMANDED to the ALJ for further proceedings consistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 12th day of September, 2012.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma